UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

2W PRODUCT CORP. and GUANZHOU LIN,

       Plaintiffs,  REPORT AND
              RECOMMENDATION

  - against -     CV 2007-0423 (ENV)(MDG)

Y&P WHOLESALE, INC. and TOMMY HUANG,

       Defendants.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

  Plaintiffs 2W Product Corp. and Guanzhou Lin ("plaintiffs") bring this action against defendants Y&P Wholesale, Inc. and Tommy Huang ("defendants") for the "unlawful sale of counterfeit cleaning products bearing trademarks that are unauthorized copies of [p]laintiffs' registered and common law trademarks and trade dress." Complaint (ct. doc. 1) at ¶ 1. Plaintiffs have moved for sanctions for defendants' failure to comply with discovery requests and orders of this Court. See Motion for Sanctions (ct. doc. 21). Specifically, plaintiffs seek an order striking defendants' answer, granting relief for defendants' infringement and awarding attorneys' fees. See id. at 2.

  Since I have determined that striking defendants' answer is an appropriate sanction, I am addressing plaintiffs' application in a report and recommendation to the Court for consideration under Rule 72(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 72(b); see, e.g., Steele v. Costco Wholesale

Corp., No. 03 CV 0713 (NG)(MDG), 2005 WL 1068137, at *2 (E.D.N.Y. May 6, 2005); Zises v. Dept. of Soc. Srvcs., 112 F.R.D. 223, 226 (E.D.N.Y. 1986).

## PERTINENT FACTS

Plaintiffs commenced this action on January 31, 2007 against defendants and served the summons and complaint upon defendants on February 8, 2007.  See ct. doc. 1; see also Affirmation of Allen Wu, Esq. in Opposition to Defendants' Order to Show Cause (ct. doc. 12) at ¶ 3.  After defendants failed to respond, plaintiffs moved for entry of default which the Clerk of the Court entered on May 17, 2007.  See Clerk's Entry of Default entered on 05/17/2007.  Plaintiffs then filed a notice of motion for default judgment.  See ct. doc. 6.

On July 23, 2007, defendants submitted an application for an order directing plaintiffs to show cause why the notation of default should not be vacated, and attached their proposed verified answer.  See Order to Show Cause (ct. doc. 10).  After unsuccessful attempts to settle this action, Judge Vitaliano subsequently granted defendants' motion to vacate the notation of default, but ordered defendants to pay plaintiffs $500 in costs.[1]

After the Honorable Judge Vitaliano held a hearing on defendants' motion to vacate the notation of default, I then

---

[1] Defendants did not pay the $500 until after plaintiffs filed an application for sanctions on February 4, 2008.  See Letter Motion for Sanctions (ct. doc. 18); electronic order entered on 03/11/2008.

scheduled an initial conference for December 4, 2007. See scheduling order entered on 11/02/2007. Defendants' counsel failed to appear at the conference and was reached by telephone. See minute entry entered on 12/04/2007. During the conference, I directed the parties to serve automatic disclosures by December 18, 2007 and to complete discovery by May 2, 2008. See id.

In a letter dated April 14, 2008, plaintiffs sought leave to make a motion to strike defendants' answer based on defendants' refusal to appear for their depositions noticed for March 19, 2008. See Letter from Anne Seelig, Esq. dated April 14, 2008 (ct. doc. 19) at 1. Although plaintiffs served notices of depositions on defendants more than a month before the deposition date and attempted to confirm the depositions by letter and in several phone calls to defendants' counsel, defendants' counsel indicated the day before the scheduled depositions that his clients refused to attend any depositions. See id. After plaintiffs served defendants with second notices of depositions for April 3, 2008, defendants' counsel again called the day before the depositions to cancel because his clients would not be attending. See id. Defendants did not file any opposition to plaintiffs' letter request.

At the next conference on May 5, 2008, defendants' counsel appeared 35 minutes late and was sanctioned. See Transcript for Conference on May 5, 2008 ("5/5/08 Tr.") (ct. doc. 23) at 2, 4, 11. The Court noted that this was the third time that

defendants' counsel has not timely appeared for a conference. See id. at 2 ("defendant[s] failed to appear at all" for a scheduled settlement conference on October 26, 2007 and on December 4, 2007 "defendant did not appear, but [the Court was] able to reach counsel by telephone for the conference"). I also ordered defendants to appear for their depositions on June 4, 2008 at 10:00 a.m. See minute entry entered on 05/05/2008. Because defendants also failed to provide their automatic disclosures and responses to plaintiffs' discovery requests as previously ordered by this Court during the December 4, 2007 conference, I sanctioned the defendants $100 and directed them to provide the outstanding discovery by May 22, 2008 and extended the discovery deadline to June 16, 2008. See id.; 5/5/08 Tr. at 8. Finally, I warned defendants that "further and more drastic sanctions will be imposed if they fail to comply with the Court's orders or further discovery requests in a prompt and timely fashion." Minute entry entered on 05/05/2008; see also 5/5/08 Tr. at 11.

In a letter dated June 6, 2008, plaintiffs again moved for sanctions for defendants' failure to comply with the Court's May 5, 2008 discovery directives. See ct. doc. 21. Defendants had not only failed to provide plaintiffs with the outstanding discovery, they did not appear for the Court ordered deposition on June 4, 2008 which plaintiffs' counsel, a court reporter and a Mandarin speaking interpreter were prepared to conduct that

morning.  When plaintiffs' counsel contacted defendants' counsel's office, she was informed that neither defendants nor their attorney, Mr. Tischler, would be attending the deposition.  <u>See</u> <u>id.</u>  Plaintiffs' counsel states that Mr. Tischler contacted her later that afternoon and admitted that he knew about the Court's order and apologized for failing to appear.  <u>See</u> <u>id.</u> at 2.

On June 19, 2008, defendants' counsel sought by order to show cause for leave to withdraw as his firm had "been unable to gain cooperation, effective communication, or requested documents necessary to establish defenses herein for the [d]efendants."  <u>See</u> Affirmation of Perry I. Tischler, Esq. in Support of Order to Show Cause at ¶ 2.  After this Court ordered defendants' counsel to file the order to show cause electronically and to correct errors in the attorney's affirmation, <u>see</u> order entered on 07/01/2008,[2] counsel filed a corrected order to show cause on August 7, 2008.  <u>See</u> ct. doc. 24.  Opposing the application to withdraw as counsel, <u>see</u> ct. doc. 25, plaintiffs argue they have been prejudiced by the defendants' failure to comply with discovery requests which has delayed this action and caused plaintiffs to incur over $25,000 in legal fees.  <u>See</u> <u>id.</u> at ¶¶ 9, 10.

---

[2]  Since defendants' counsel were not on the docket sheet, my chambers faxed a copy of the order to Perry Tischler, Esq. and Chris Pappas, Esq. on July 16, 2008.

-5-

At a hearing held on September 4, 2008, this Court granted defendants' counsel's motion for leave to withdraw.  See minute entry entered on 09/05/2008.  Defendants neither appeared nor filed any opposition.  In an order dated September 5, 2008, the Court, inter alia, stayed this action until October 6, 2008 to give defendants an opportunity to obtain new counsel and ordered the defendants to respond to outstanding discovery requests by October 21, 2008.  See order entered on 09/05/2008 (ct. doc. 29) at 2.  The Court warned Y&P Wholesale, Inc. that "if [its] new counsel does not file a notice of appearance by October 21, 2008, default may be entered against it[]" and that Tommy Huang will be expected to proceed himself if he is unable to obtain new counsel by the same date.  Id. at 2-3.  Further, defendants were given one last opportunity to comply with its discovery obligations by October 21, 2008 and were warned that "sanctions will be imposed if they fail to comply with these discovery deadlines in a timely fashion[.]"  Id. at 3 (emphasis in original).  They were further warned that "[f]ailure to comply with this order may result in entry of defaults against [them]."  Id.

On October 21, 2008, plaintiffs renewed their request for sanctions, to strike defendants' answer, and to enter a default judgment against defendants because the defendants had not complied with the Court's September 5, 2008 order.  See Letter from Anne Seelig, Esq. dated October 21, 2008 (ct. doc. 30).  To date, there has been no response.

DISCUSSION

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure states:

> If a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following: (iii) striking pleadings in whole or in part; [or] (vi) rendering a default judgment against the disobedient party....

Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi). "Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed." Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 853 (2d Cir. 1995). However, "Rule 37 should not be construed to authorize dismissal [or entry of default for] noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of [a party]." Cine Forty-Second St. Theater Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979) (quoting Societe Internationale pour Participations Industrielles et Commerciales v. Rogers, 357 U.S. 197, 212 (1958)) (internal quotations omitted). Other factors courts have considered include: (1) the party's history of noncompliance; (2) the effectiveness of lesser sanctions; (3) whether a warning had been issued regarding imposition of sanctions; and (4) whether imposing lesser sanctions would prejudice the moving party. See Stirrat v. Ace Audio/Visual, Inc., No. 02 CV 2842 (SJ), 2004 WL 2212096, at *2 (E.D.N.Y. Sept. 24, 2004) (citing American Cash Card Corp. v.

AT&T Corp., 184 F.R.D. 521, 524 (S.D.N.Y. 1999), aff'd, 210 F.3d 354 (2d Cir. 2000)).  "No one factor is dispositive."  Id. (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993)).

In the instant case, defendants have failed to participate in a meaningful fashion other than to move to vacate entry of default.  More specifically, despite plaintiffs' numerous requests, defendants failed to provide responses to plaintiffs' discovery demands.  Defendants also failed to comply with three separate Court orders setting forth deadlines for automatic disclosures and other discovery deadlines and failed to appear at a Court ordered deposition on June 4, 2008.  See minute entries entered on 12/04/2007 and 05/05/2008; see also order filed on 09/05/2008.  In each instance of noncompliance, defendants failed to provide an explanation for their unwillingness to provide discovery or appear for their depositions.  On this record, this Court concludes that defendants wilfully ignored plaintiffs' discovery requests and this Court's orders, or at the very least were grossly negligent.  See Cine Forty-Second St. Theater Corp., 602 F.2d at 1067-68 (grossly negligent behavior that impedes discovery satisfies the "fault" prong of the Societe Internationale triad and may justify the most severe penalties under Rule 37).  Accordingly, the only remaining issue is to determine which sanction to impose.

Throughout the course of this litigation, the Court has considered and imposed lesser sanctions against defendants. However, despite repeated stern warnings that discovery must be completed by a date certain and imposition of lesser monetary sanctions on defendants and their counsel's firm, defendants have continued to ignore their discovery obligations and this Court's orders. Therefore, this Court concludes that no sanction short of entering default would suffice at this point. See Stirrat v. Ace Audio/Visual, Inc., 2004 WL 2212096, at *3 ("[b]ased on [d]efendant's prior disregard of discovery orders, no useful purpose would be served in issuing another discovery order or in imposing fines....").

Moreover, the most severe sanctions available under Rule 37 "may be imposed ... so long as a warning has been given." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (citing Bobal v. Rensselaer Polytechnic Institute, 916 F.2d 759, 766 (2d Cir. 1990)). Here, on at least three occasions, plaintiffs informed defendants that they were seeking to strike their answer and move for default judgment. See ct. docs. 19-21, 30. Furthermore, at the May 5, 2008 conference the Court expressly warned defendants' counsel that if defendants failed to appear for their June 4, 2008 depositions, "further and more drastic sanction[s] could be imposed." See 5/5/08 Tr. at 11. Thereafter, the Court "warned that sanctions will be imposed if [defendants] fail to comply with these discovery deadlines in a

timely fashion.  Failure to comply with this order may result in entry of defaults against defendants."  Ct. doc. 29 at 3 (emphasis in original).  Defendants clearly have received ample notice that their noncompliance may result in having their answer stricken and an entry of default against them.

Finally, given the extent to which this action has already been delayed by defendants' utter failure to provide discovery, it is clear that plaintiffs have been prejudiced.  See Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law") (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)).  Here, over 23 months have elapsed since defendants were served with plaintiffs' complaint and no discovery has been provided by defendants.  Furthermore, given the likelihood of future noncompliance, imposition of lesser sanctions would likely result in additional prejudice to plaintiffs.  See Stirrat, 2004 WL 2212096, at *2 ("since a failure to grant dispositive relief would likely leave the case pending for an indefinite time, it is likely that some prejudice would result") (citing Peart, 992 F.2d at 462).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs' motion to strike defendants' answer be granted and that default judgment be entered against defendants.

Copies of this report and recommendation are being

electronically filed and sent to defendants by overnight mail on this date.  Any objections to this report and recommendation must be filed with the Clerk of the Court, with a courtesy copy to the Honorable Eric N. Vitaliano and the undersigned, by January 20, 2009.  Failure to file objections within the specified time waives the right to appeal.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SO ORDERED.**

Dated:     Brooklyn, New York
           January 5, 2009

　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　MARILYN D. GO
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Tommy Huang, individually
and as an officer of
Y&P Wholesale, Inc.
52-01 Flushing Avenue
Maspeth, New York 11378